## Lowenstein *v.* Krell, Appellant.

*Sheriff's sale—Amendment of return—Act of April* 21, 1846.

Under the act of April 21, 1846, § 1, P. L. 430, an amendment of the return of a sheriff of his proceedings under an execution for the sale of real estate, should be permitted only when equity and justice require it.

The sheriff has no standing as a petitioner under the act, unless he has an interest in having the amendment allowed.

Where a petition was presented by a sheriff out of office, for an amendment showing the sale of a property not mentioned in his return, and it appeared that the omission was purposely made because all parties considered the property as unsold, and the judgment upon which the execution issued was paid in full by the sale of another property (the sale of which was duly returned) and cash paid to the sheriff for the purpose; and the object of the application was to better the position, in an action of ejectment, of another judgment creditor, the amendment should be refused.

Argued Feb. 13, 1874. Appeal, No. 302, Jan. T., 1894, by defendant, John Krell, from order of C. P. Schuylkill Co., July T., 1889, No. 47, Execution Docket, amending sheriff's

return to alias vend. ex. issued on judgment of Solomon Lowenstein, for use of C. J. Shindel, now to use of L. W. Weissinger. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Petition to amend sheriff's return. Before WEIDMAN, J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was allowance of amendment.

*A. W. Schalck*, for appellant.—The sheriff was functus officii: Aurentz v. Porter, 48 Pa. 335; Richards v. Porter, 7 Johns. 137; Ferguson v. Lee, 9 Wend. 258.

The act of 1846 contemplates an application by the purchaser or some one interested in the property. The sheriff was not a "person interested."

Leave to amend a sheriff's return is of grace, and it is not granted where it would be inequitable: Phillips v. Anstett, 1 Northampton Co. Rep. 78.

*N. Heblich*, *Geo. H. Roads* with him, for appellee.—Defendant having conveyed the property in question to his wife, has no interest in it or standing to prosecute this appeal.

The act of 1846 is remedial and should receive a liberal construction.

The ex-sheriff ·was a party in interest. He is answerable in damages for a defective return.

OPINION BY MR. JUSTICE FELL, July 11, 1894:

Prior to 1880, John Krell, the defendant, owned three properties: No. 1, a dwelling house; No. 2, a brewery; and No. 3, a farm. In March, 1880, he conveyed the farm to his wife. Subsequently three judgments were obtained against him: one by Hartwig, April 2, 1880, for $3,000, revived in 1885 for $3,210; one by Lowenstein, March 21, 1884, for $1,848.10; and the third by Weissinger, May 4, 1885, for $2,902.10.

On May 4, 1889, all three properties were put up at sheriff's sale under an execution issued on Lowenstein's judgment, and Nos. 1 and 2 sold for a sum sufficient to pay the first two judgments and leave a balance to be applied to the payment of the

third, and the writ was stayed as to No. 3. The purchaser at the sale was Weissinger, the holder of the third judgment, who refused to take title to No. 2. Weissinger then became the owner by purchase of the Lowenstein judgment, and under an alias writ sold properties Nos. 2 and 3 at sheriff's sale, and became the purchaser of No. 2 for $2,450, and of No. 3 for $5.00.

A rule was granted to set aside the sheriff's sale, upon the hearing of which in court an offer was made by the defendant to procure a purchaser for No. 2 for $3,025, which was supposed to be the exact amount necessary to pay in full the Lowenstein judgment and all costs, after the payment of the balance due on the Hartwig judgment. This offer was accepted and carried out, and a purchaser procured without a resale, who paid the money to the sheriff and took title.

It was subsequently found that an error had been made in computing the interest and costs, and that $89.59 was required to pay the judgment in full. This was paid to the sheriff, who receipted therefor "in full payment of the balance due on the above stated Lowenstein judgment." The execution docket shows the entry: "June 29, 1889, sold the within premises No. 2 to Andrew Hartwig and George Krell for the sum of $3,025," etc. No mention is made in the return of property No. 3.

As a part of the history of the matter it should be mentioned that in May, 1890, Weissinger sold property No. 3 under the judgment which he had obtained against the defendant, which was third in point of lien, and became the purchaser at sheriff's sale, but has not taken title; and the sheriff has refused to make title to the second bidder at the sale.

On Feb. 4, 1893, the sheriff presented a petition to the common pleas, stating that he had sold property No. 3, and omitted to make a return thereof, and praying to be permitted to amend his return. This petition was granted, but subsequently, on April 17th, the order was vacated and a rule to show cause why the amendment should not be allowed was granted, which rule was made absolute Sept. 4, 1893. It is to this order of Sept. 4th that the assignments of error relate.

The power to permit an amendment to a return by a sheriff is conferred by the act of April 21, 1846, sec. 1, P. L. 430. The act provides that when the sheriff shall make a defective or in-

formal return of his proceedings under an execution for the sale
of real estate, it shall be lawful for the purchaser or other per-
sons interested to apply by bill or petition to the court, setting
forth the facts, and, after due notice to all persons interested,
" the court shall have power to examine into the facts of the
case and make such order or decree therein as justice and equity
may require, either by dismissing such bill or petition or by cor-
recting and amending such return according to the truth of the
case."

Is there anything in the facts as developed in this case to
move the court to direct an amendment? The only ground for
relief set out in the petition is that the sheriff omitted to make
return of one of the properties sold. The answer avers that
the omission was not because of accident or mistake, but by
design ; that it was the intention of all the parties in interest
that no return should be made as to property No. 3, and that
the petition is in the interest of Weissinger, to give him an un-
due advantage.

The purpose for which this amendment is sought is apparent.
The judgment which Weissinger obtained against the defend-
ant is for a debt contracted after the conveyance of property
No. 3 to the defendant's wife, while the judgment obtained by
Lowenstein, of which he has secured control, is for a debt con-
tracted before the conveyance. A title under the latter judg-
ment would give him an advantage in the trial of an action of
ejectment for the recovery of the property which he would not
have if he took title under his own judgment. This then is
simply a skirmish for position for a future contest, and the par-
ties may well be left where their manœuvres place them. The
court however is asked to intervene to enable title to be taken
under the Lowenstein judgment.

The sheriff has no standing as a petitioner unless he has an
interest, and it does not appear that he has any. He does not
set out in his petition any reason which appeals to the court.
He is out of office, and the sale and return were made more
than three years before his petition was presented.

He had knowledge of the agreement by which, after the sec-
ond sale of property No. 2, a purchaser was procured in the in-
terest of the owner of No. 3, to avoid its sale, who paid nearly
$600 more than the bid ; and he subsequently received from the

defendant's counsel $89.59 to cover the error in calculation and pay the Lowenstein judgment in full. His return makes no mention of property No. 3, because it was considered by all parties as unsold. The amount of the bid for No. 3 was not paid, and the writ was satisfied, debt, interest and costs, without it. He afterwards refused to allow the second bidder, after the failure of the first, to take a deed to property No. 3, sold under Weissinger's judgment, and thus quiet the title by purchasing peace. It is evident that he is not now acting for his own protection, or in a matter in which he has any interest, but to serve the purpose of another who has no equity whatever. The Lowenstein judgment is paid; the plaintiff in the Weissinger judgment has open to him every remedy to which he is entitled under the law for the collection of his debt, and he should not be aided in his effort to obtain an advantage by indirect means.

It is due to the learned judge by whom the order was made in the common pleas to say that upon the hearing he felt himself bound by the previous action of that court on the rule to set aside the sheriff's sale. With that we have now nothing to do, and the only question before us is that presented by the proceedings under the petition. Under the act of 1846 an amendment of the return of the sheriff should be permitted when and only when equity and justice require, and we are of opinion that the petition should have been dismissed.

The judgment is reversed, and the order of September 4, 1893, allowing the amendment is set aside.